ROBERT K. PALMER AND NANCY M. PALMER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Palmer
Docket No. 24698-90
United States Tax Court
T.C. Memo 1992-352; 1992 Tax Ct. Memo LEXIS 373; 63 T.C.M. (CCH) 3162; June 22, 1992, Filed *373 An appropriate order and decision will be entered. Nancy M. Palmer, pro se. J. Mack Karesh, for respondent. POWELL
POWELL
MEMORANDUM OPINION POWELL, Special Trial Judge: This case is before the Court on respondent's Motion to Dismiss for Lack of Jurisdiction and to Strike With Respect to Partnership Items, and Motion for Entry of Decision. These motions were filed concurrently on July 30, 1991. At issue is whether petitioners may seek a redetermination of adjustments of partnership items when the jurisdiction of the case before the Court is predicated upon a notice of deficiency limited to additions to tax for negligence. In 1983, petitioners, as limited partners, invested in Peme-Core Partners, a.k.a. Pocohantos II Gold Mine, Ltd., which was one of 21 tiered partnerships organized by M. W. Mattatall. M. W. Mattatall is dead. James Mattatall is the son of M. W. Mattatall, the promoter who organized both Peme-Core Partners and Ophir Mine in 1983, as well as a number of other limited partnerships. Although the subscription agreement petitioners signed indicates otherwise, Pocohantos II Gold Mine, Ltd. never existed as a partnership entity, and petitioners actually invested *374 in Peme-Core Partners. Unbeknownst to petitioners, Peme-Core Partners, as a limited partner, invested in Ophir Mine, a Nevada limited partnership to which the provisions of sections 6221 - 6233, [1] are applicable. See . Petitioners invested $ 14,798 in Peme-Core Partners. This investment consisted of $ 3,700 cash and a $ 11,098 recourse promissory note, $ 10,812 of which remained unpaid. Petitioners received a Form K-1 for the 1983 taxable year from Peme-Core Partners which indicated that petitioners could claim a $ 14,512 ordinary loss. Petitioners claimed the loss on their 1983 Federal income tax return. On March 16, 1989, and April 17, 1989, respondent issued notices of final partnership administrative adjustment (FPAA) to the tax matters partner and other partners (including Peme-Core Partners), respectively, *375 determining adjustments to the 1985 partnership return of Ophir Mine pursuant to section 6223(a)(2). Petitioners were contacted by James Mattatall and were aware of the potential Ophir Mine litigation but declined to participate in the matter due to the "prohibitive cost" of counsel retained by Mattatall. An untimely petition was filed by James Mattatall as to the Ophir Mine adjustments on November 2, 1990, more than 150 days after issuance of the FPAAs. That petition was dismissed for lack of jurisdiction. Petitioners received notice of the assessment of the underlying deficiency from the Internal Revenue Service on August 6, 1990, more than 150 days after issuance of the FPAA to Ophir Mine. By a statutory notice of deficiency dated August 3, 1990, respondent determined additions to tax for negligence under section 6653(a)(1) and (2) in the amount of $ 164.25, and 50 percent of the interest due on the amount of the underpayment for petitioners' 1985 taxable year. The additions to tax were determined by respondent with reference to an underlying tax deficiency attributable to the FPAA issued as to Ophir Mine. Petitioners *376 filed a timely petition seeking a redetermination of: (1) The assessment of the underlying deficiency attributable to the 1985 Ophir Mine partnership items; and (2) the additions to tax for negligence. At the time petitioners, husband and wife, filed their petition, they resided in Norcross, Georgia. Respondent's motion to dismiss and to strike is addressed to the references in the petition to the assessment of the underlying deficiency. Respondent, however, pursuant to a nationwide policy in dealing with investors in Ophir Mine, concedes the additions to tax under section 6653(a), and, therefore, if the Court grants the motion to dismiss and to strike, respondent moves for an entry of decision reflecting that there are no additions to tax due from petitioners for the taxable year 1985. Petitioners argue initially that they did not invest in Ophir Mine and that the deficiency was wrongly assessed. While, for reasons set forth below, we hold that the adjustments contained in the FPAA may not be litigated in this case, we note that, by virtue of their investment in Peme-Core Partners, a limited partnership that directly invested in Ophir Mine, petitioners are characterized for *377 tax purposes as indirect partners of Ophir Mine within the meaning of section 6231(a)(10). [2]
Since 1982 the tax treatment of adjustments flowing from a taxpayer's activities with regard to partnerships is somewhat bifurcated. See . The tax treatment of any "partnership item" is determined at the partnership level. Sec. 6221. Section 6231(a)(3) defines "partnership item" as any item required to be taken into account for the partnership's taxable year to the extent regulations prescribed by the Secretary provide that such item is more appropriately determined at the partnership level than at the partner level. . The assessment *378 of the deficiency in petitioners' Federal income tax for 1985 resulted from the adjustments made by respondent in the FPAA issued as to Ophir Mine. Court review of respondent's adjustment of partnership items is governed by section 6226. . On the other hand, there are items that, while they relate to the partnership, are classified as "nonpartnership items". Sec. 6231(a)(4). The additions to tax for 1985 determined in the notice of deficiency, however, are "affected items" as defined by section 6231(a)(5) that require factual determinations to be made at the partner level, and this Court has jurisdiction to determine the correctness of the additions to tax determined in a notice of deficiency under section 6213(a). . There is yet another category of item adjustments referred to as "computational adjustments." A computational adjustment "means the change in the tax liability of a partner which properly reflects the [tax] treatment * * * of a partnership item". Sec. 6231(a)(6). In short, a computational adjustment reflects *379 the amount of change in the tax liability of a partner that is assessed after a FPAA proceeding becomes final either under section 6230(g) or when no judicial proceeding is initiated. Pursuant to section 6230(a)(1) computational adjustments are generally not subject to deficiency proceedings. Furthermore, "All adjustments * * * with respect to a partnership * * * to an indirect partner shall be treated as computational adjustments". Sec. 6231(a)(6). Petitioners apparently contend that the adjustments in the FPAA were improper because they relate to items that, when properly considered, are nonpartnership items and were the proper subject of a deficiency proceeding under section 6213(a), rather than a section 6226 action. See sec. 6230(a)(2)(A)(i), cf. . Petitioners' contention, however, is without merit. The record shows that petitioners were indirect partners in Ophir Mine, and there is no evidence that the items ceased to be partnership items. See sec. 6231(b). Although we have jurisdiction to determine additions to tax in a deficiency proceeding under section 6213(a), whether that jurisdiction allows the Court *380 to redetermine the amount assessed as a computational adjustment or to readjust partnership items is an entirely different matter. Generally, the Court has no jurisdiction to review respondent's adjustments of partnership items in the context of a deficiency procedure under section 6213(a). ; ; . Petitioners are precluded from seeking the readjustment of partnership items in this affected item deficiency action. The basic purposes of a section 6226 action are to eliminate multiple actions concerning partnerships and to eliminate different results emanating from the same partnership. Hearings on H.R. 6300 Before the Comm. on Ways and Means, 97th Cong., 2nd Sess. 80-81 (1982) (Statement of John E. Chapoton, Assistant Secretary for Tax Policy); see also . If the Court were to allow a taxpayer to eschew a section 6226 action and dispute the merits of respondent's partnership *381 items adjustments during a deficiency action as to affected items, then multiple actions with differing results are possible. In , taxpayer was an indirect partner of a partnership that had been issued an FPAA but had not filed an action under section 6226. It attempted to bring before this Court the liability resulting from the computational adjustments assessed. The Court stated, : To permit * * * [petitioner's partners] to dispute adjustments to the partnership items * * * [of the other partnership that had received an FPAA] in this proceeding would defeat the purpose of the statutory scheme enacted by Congress, since the unified partnership audit and litigation procedures provide for a single proceeding with respect to any one partnership. Similarly, the Court noted in : Congress has provided for limited access to the courts to raise any and all questions pertaining to a partnership action * * *. * * * Since neither the TMP nor any notice partner filed a timely petition, they have lost *382 their right to contest, in any court, respondent's determinations in the FPAA. See also . In sum, we hold that respondent's adjustments in the FPAA are conclusive and cannot be litigated in this deficiency action concerning affected items. See . Accordingly, respondent's motion to dismiss and to strike and motion for entry of decision will be granted. An appropriate order and decision will be entered. Footnotes
1. All section references are to the Internal Revenue Code. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Sec. 6231. DEFINITIONS AND SPECIAL RULES. (a) Definitions. -- For purposes of this subchapter - * * * * (10) Indirect Partner. -- The term "indirect partner" means a person holding an interest in a partnership through 1 or more pass-thru partners.↩